NED LYNCH--CA ST. BAR NO. 149680
Attorney At Law
110 West C Street, Suite 1407
San Diego, CA 92101
Telephone: 619-525-0081

Attorney for the Material Witnesses

## United States District Court

## Southern District of California

(Hon. Barry T. Moskowitz)

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2253BTM(PCL) |
|---|---|
| Plaintiff, | ) **Notice Of Motion And Motion To Take** |
| | ) **The Videotape Depositions Of Material** |
| v. | ) **Witnesses And Thereafter Release Them** |
| | ) **From Custody** |
| AUGUSTIN CARRANZA-DUARTE, | ) |
| | ) Date: July 25, 2008 |
| Defendant(s). | ) Time: 2:00 p.m. |
| | ) Judge: Barry T. Moskowitz |
| | Room: 15 |

### Notice Of Hearing

On July 25, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, material witnesses Antonio Gin-Sanchez, Mario Miguel-Rojas, and Cresenciano Rafael-Joaquin [the "Material Witnesses"] by and through their counsel, Attorney Ned Lynch, will bring a motion for a court order to conduct videotaped depositions of the Material Witnesses. This motion will be heard by Hon. Barry T. Moskowitz in the Courtroom 15 of the U.S. District Court for the Southern District of California.

### Motion

The Material Witnesses, by and through their counsel, Ned Lynch, and pursuant to Federal Rules of Criminal Procedure 15 and 18 U.S.C. § 3144, move this court for an order to take their

1  depositions by videotape and thereafter release them from custody at the conclusion of the
2  depositions for their return to their home country.
3      This motion is based upon this notice, the memorandum of points and authorities filed in
4  support of this motion, the declaration of Attorney Ned Lynch, the files and records in this case, and
5  any and all other evidence and arguments that may be brought to the court's attention prior to or
6  during the hearing on this motion.

8  Dated: July 11, 2008          s/Ned Lynch
                                   Ned Lynch, Attorney for the Material Witnesses
9                                  E-mail: nedlynch@aol.com

1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witness

## United States District Court

## Southern District of California

(Hon. Barry T. Moskowitz)

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR2253BTM(PCL) |
|---|---|
| Plaintiff, | ) **Material Witnesses' Memorandum Of Points And Authorities In Support Of Their Motions For Videotaped Depositions And Their Release From Custody** |
| v. | |
| AUGUSTIN CARRANZA-DUARTE, | |
| Defendant. | ) Date: July 25, 2008<br>) Time: 2:00 p.m.<br>) Judge: Barry T. Moskowitz<br>) Room: 15 |

Material witnesses Antonio Gin-Sanchez, Mario Migual-Rojas, and Cresenciano Rafael-Joaquin [the "Material Witnesses"], by and through their counsel, Attorney Ned Lynch, submit this memorandum of points and authorities in support of their motions to take their videotaped depositions and thereafter be released from custody.

**Case Overview**

On June 19, 2008 the Material Witnesses were detained in the Southern District of California in relation to the charges brought against Defendant Augustin Carranza-Duarte for violating 8 U.S.C. § 1324 by attempting to smuggle the Material Witnesses into the U.S. illegally as an undocumented aliens. The Material Witnesses are allegedly being detained as material witnesses under 18 U.S.C. § 3144.

1   The Material Witnesses have been unable to arrange for their release on bond, and by the
2 time this motion will be heard they will have been in custody for over 5 weeks.  However, it is
3 unnecessary to detain the Material Witnesses further.  The testimony of the Material Witnesses can
4 be preserved by a videotaped depositions.  The Material Witnesses therefore requests the court order
5 their testimony be preserved by videotaped depositions, and that they be released immediately
6 thereafter from the custody of the U.S. Marshal for return to their home country.

7 **The Testimony Of The Material Witnesses Can Be Secured By Videotaped Depositions,**
8 **And There Is No Compelling Reason To Keep Them In Custody**

9   Title 18, section 3144 of the United States Code provides:

10,11   "No material witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

12   Depositions of material witnesses may be used at trial in criminal cases, so it is only in
13 exceptional circumstances, where the interests of justice will be denied, that a videotaped deposition
14 is not appropriate.  [See IIRIRA § 219 (admissibility of videotape depositions); see also, United
15 States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).]  The defendant may be
16 present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine
17 the witness.  The videotape provides a sufficient indicia of reliability to afford the trier of fact a
18 satisfactory basis for evaluating the truth of a statement.  [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

19   The burden is on the objecting party to show that the use of deposition testimony will deny
20 defendant a fair trial and that live testimony would somehow be significantly different.  [United
21 States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

22   The Material Witnesses should not be detained indefinitely because their testimony can be
23 adequately secured by videotaped depositions.  In terms of what the Material Witnesses can testify
24 about, this is a routine alien-smuggling case.  Based on interviews with the Material Witnesses and
25 the reports submitted by the arresting agency, the facts to which the Material Witnesses are
26 competent to testify are straight-forward. (See paragraph 6 of the declaration of Attorney Ned Lynch
27 submitted with these points and authorities.)

28

1    The Material Witnesses have no criminal charges pending against them relating to this
2  matter, and they have already spent a considerable amount of time in custody (over 5 weeks by the
3  motion hearing).  Despite the efforts of the Material Witnesses and their counsel to locate potential
4  sureties for them, there are no persons who legally reside in the United States who are willing and
5  able to post a court bond for these witnesses.  The Material Witnesses and their families are enduring
6  emotional, mental, and economic hardships from their indefinite incarceration, especially
7  considering the have not been charged with any crime. (See paragraphs 3 and 4 of the declaration
8  of Attorney Ned Lynch submitted with these points and authorities.)

9    Moreover, the Material Witnesses and their counsel have not been informed by any party to
10 this case of a specific reason why further detention of these witnesses is necessary *to prevent a*
11 *failure of justice*.  (See paragraph 5 of the declaration of Attorney Ned Lynch submitted with these
12 points and authorities.)

13 **The Material Witnesses are NOT Required To Show Exceptional Circumstances Or**
14 **Hardship Exists For The Court To Order The Videotaped Deposition**s

15    Under **Rule 15(a)(1)** a party must establish exceptional circumstances exist if the party wants
16 to take the deposition of a witness.  A person designated as material witness is not a party to the case.
17 Neither party to this case--the government or the defendant--is moving the court for this deposition.
18 This motion is brought by the material witnesses only.

19    Under **Rule 15(a)(2)** a witness may bring a motion to take his or her deposition without any
20 showing of exceptional circumstances, or hardship.  Federal Rules of Criminal Procedure, Rule 15.

21    The Material Witnesses have proffered facts through their attorney's declaration regarding
22 the hardships they are their families are enduring during their indefinite incarceration, but only to
23 remind the court and the parties that uncharged persons remain in custody, and their incarceration
24 has a real impact on the Material Witnesses and any other people close to them.  These facts are not
25 being offered to show exceptional circumstances exist to order the deposition, because no such
26 showing is required.

27    The court must grant the motion for the Material Witness to be deposed even if no
28

exceptional circumstances exist.

## Conclusion

The Material Witnesses request the court grant their motion and set their videotaped depositions so they can be released from custody immediately thereafter.

Dated: July 11, 2008        S/Ned Lynch
                            Ned Lynch, Attorney for the Material Witnesses
                            E-mail: nedlynch@aol.com

# Exhibit A
# Sample Draft Of The Order

**United States District Court**

**Southern District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| Plaintiff, ) | **Deposition Order For Material Witnesses** |
| v. ) | |
| _____, ) | |
| Defendant. ) | |

Upon motion of material witnesses _____ [the "Material Witnesses"], by and through their attorney, Ned Lynch, by the appearance of the parties and their respective counsel, and apparent good cause:

**Order**

1. Unless he is otherwise released from custody of the U.S. Marshal, the Material Witnesses shall be deposed on _____, at _____ a.m/p.m. The depositions will be held at the U.S. Attorney's Office in San Diego, California. An employee of the U.S. Attorney's Office shall serve as the videotape operator.

2. All parties shall attend the deposition. A U.S. Marshal or other designated government agent(s) shall bring the Material Witnesses to the deposition. If the defendant is in custody, he or she shall be brought separately to the deposition. A marshal or other government agent(s) shall remain present during the entire proceeding.

3. The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witness, if necessary. The cost of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

1     4.    If a defendant needs an interpreter independent of the Material Witness' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the court.

    5.    The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

    6.    The deposition shall be recorded by videotape. Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the videotape record of his deposition and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

    7.    The videotape operator shall select and supply all equipment required to videotape and audiotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the deponent and assures clear reproduction of each deponent's testimony and the statements of counsel. The deponent, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objection shall be considered by the court in ruling on the admissibility of the video and/or audiotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

    8.    The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

    9.    Before examination of the witness, the notary shall state on the video/audio record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the

1  witness and the caption of the action; and (d) the identity of the parties and the names of all persons
2  present in the room. The notary shall then swear the witness on the video record. Further, at the
3  beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her
4  respective client on the record. If more than one videotape is used, the notary shall repeat items (a),
5  (b) and (c) at the beginning of each new tape.

6  10. The videotape operator shall not stop the video recorder after the deposition
7  commences until it concludes, except, however, that any party may request a cessation for a brief
8  recess, which request will be honored unless another party objects and states the basis for said
9  objection on the record. Each time the tape is stopped or started, the videotape operator shall
10 announce the time on the record. If the deposition requires the use of more than one tape, the end
11 of each tape and the beginning of the next shall be announced orally on the video record by the
12 operator.

13 11. Testimonial evidence objected to shall be recorded as if the objection had been
14 overruled and the court shall rule on the objections prior to admitting that portion of the deposition.
15 The party raising the objection(s) shall be responsible for preparing a transcript for the court to
16 consider. All objections to the evidence presented shall be deemed waived unless made during the
17 deposition.

18 12. If requested by a party, the deposition testimony, if offered other than for
19 impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript
20 need be prepared in advance of trial, unless otherwise ordered by the court. [See Fed. R. Civ. P.
21 32(c).]

22 13. Copies of all exhibits utilized during the videotaped deposition shall be marked for
23 identification during the deposition and filed along with the videotape.

24 14. At the conclusion of the deposition, the government and defense attorneys will advise
25 the material witness attorney if they intend to object to the release of the material witness. If the
26 parties do not object to the witness' release, the government and defense attorney will immediately
27 stipulate to an order to release the material witness from custody. The government's attorney will
28

1  provide the material witness with a subpoena for the trial date, a travel advance fund letter, and
2  written authorization to enter the United States to testify at trial.

3      15.    If either party objects to the release of the material witness, the objecting party must
4  immediately request in writing a hearing on the issue before the district court within a reasonable
5  time after the deposition is concluded.  At the hearing, the objecting party must be prepared to show
6  why the release of the material witness is not appropriate under 18 U.S.C. § 3144.  If, after the
7  hearing, the court decides to release the material witness, the material witness attorney should file
8  the witness release order immediately.  Again, the government's attorney must serve the witness with
9  a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United
10  States to testify at trial before the material witness is released.

11      16.    Upon request by either party, the videotape operator shall provide a copy of the
12  videotape deposition to the requesting party at the requesting party's expense.  After preparing the
13  requested copies, if any, the videotape operator shall turn the original videotape over to the notary
14  along with a certificate signed by the videotape operator attesting that the videotape is an accurate
15  and complete record of the deposition.

16      17.    The notary shall file this original tape, along with the any exhibits offered during the
17  deposition, with the court in a sealed envelope marked with the caption of the case, the name of the
18  witness and the date of the deposition.  To that envelope, the notary shall attach the sworn statement
19  that the videotape is accurate and complete record of the recorded deposition and certification that
20  the witness was duly sworn by the officer.

21      18.    To the extent that the procedures set forth herein for the videotaping vary from those
22  set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be for good cause shown as
23  allowed by F.R.Civ.P. 29.

24      19.    Unless waived by the parties, the notary must give prompt notice to all parties of the
25  filing of the videotape record of the deposition with the court pursuant to Fed.R.Civ.P. 30(f)(3).

26  **It Is So Ordered.**

27  Dated:_____

                                    United States District/Magistrate Judge
28

1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witnesses

## United States District Court

## Southern District of California

(Hon. Barry T. Moskowitz)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTIN CARRANZA-DUARTE,<br><br>Defendant(s). | Criminal Case No. 08CR2253BTM(PCL)<br><br>**Declaration Of Attorney Ned Lynch In Support Of The Material Witnesses' Motion For Videotaped Depositions And Their Release From Custody**<br><br>Date:  July 25, 2008<br>Time:  2:00 p.m.<br>Judge: Barry T. Moskowitz<br>Room: 15 |

I, Ned Lynch, declare:

1.  I am an attorney licensed to practice law in the State of California and before the United States District Court for the Southern District of California.

2.  On June 23, 2008 I was appointed to represent material witnesses in this case: Antonio Gin-Sanchez, Mario Miguel-Rojas, and Cresenciano Rafael-Joaquin [the "Material Witnesses"]. As a material witness attorney one of my primary responsibilities is to help arrange for the release of the material witnesses from custody as soon as possible. They are being held in custody by the U.S. Marshal, with an additional detention hold on them by U.S. immigration authorities. To that end, I promptly conducted interviews with the Material Witnesses to explain why they were being held and under what conditions they could be released. In most alien smuggling cases such as this one the material witnesses are released by having a personal surety post a court approved appearance bond of $5,000, and for the surety or family of the witness to also satisfy any other release conditions that are imposed by U.S. immigration authorities. The same

1  circumstances are true for this case.

2      3.    My clients, my interpreter, and I have all attempted to locate sureties for these Material
3  Witnesses.  As of the date of filing this motion the Material Witnesses do not know anyone who legally
4  resides in the United States who is willing and able to post a court bond for them.  Therefore, the Material
5  Witnesses are essentially being held in custody without bail, and they will continue to be held indefinitely
6  unless their videotaped depositions are taken and they are released from custody.  By the time this motion
7  is heard the Material Witnesses will be in custody over 5 weeks (since June 19, 2008).

8      4.    The Material Witnesses informed me their detention is imposing emotional, mental, and
9  economic hardships on them.  They have not been charged with any crime.  Mr. Miguel and Mr. Rafael both
10 have three children (mostly minors) and wives who rely on them for support.  Mr. Gin is younger and single,
11 and he's never had any legal trouble before.  All three were coming to the U.S. simply to find work to afford
12 a better life for themselves and their families.  Thus, the lengthy and indefinite nature of the Material
13 Witnesses' detentions are causing them and their families a lot of stress, anxiety, worry, and economic
14 hardship.

15     5.    I am not aware of any reason in this case why the testimony of the Material Witnesses can
16 not adequately be secured by deposition, nor am I aware of any reason why they should not be released once
17 those depositions are concluded.

18     6.    The Material Witnesses are willing to testify about what they know about this case.
19 However, there are only a few facts relevant to this case which the witnesses are competent to testify about--
20 facts that are material and not cumulative to the proposed testimony of the other material witnesses in this
21 case. Specifically, these witness can testify about: (a) their citizenship, (b) who might have transported the
22 witnesses, and (c) whether the witnesses agreed to pay anyone.

23     I declare under penalty of perjury under the laws of the United States the above is true and correct
24 to the best of my knowledge.

25

26 Dated: July 11, 2008                    s/Ned Lynch
                                        Ned Lynch, Attorney for the Material Witnesses
27                                         E-mail: nedlynch@aol.com

28

1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witness(es)

**United States District Court**
**Southern District of California**
(Hon. Barry T. Moskowitz)

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2253BTM(PCL) |
|---|---|---|
| Plaintiff, | ) | **Certificate of Service by ECF** |
| v. | ) | |
| AUGUSTIN CARRANZA-DUARTE, | ) | |
| Defendant(s). | ) | |

I, Ned Lynch, declare that at the time of the service of the document(s) noted below, I was at least 18 years of age and not a party to the lawsuit noted above. My business address is 110 West C Street, Suite 1407, San Diego, CA 92101. On July 11, 2008 I served the document(s) noted below by ECF to the person(s) at the e-mail addressed listed by the ECF system for the Southern District of California.

**Document(s) Served**

1. Notice of Motion and Motion to Take the Videotaped Deposition of Material Witness and Thereafter Release Him From Custody

2. Points and authorities supporting that motion

3. Declaration of Attorney Ned Lynch supporting that motion

**Served On**

Office of the U.S. Attorney           Attorney Kristin Kraus
(served via ECF)                      (served via ECF)

I declare under penalty of perjury under the laws of the United States that the above is true and accurate.

Dated: July 11, 2008                  s/Ned Lynch
                                      Ned Lynch

1