1 **KRIS J. KRAUS**
California Bar No. 233699
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5008
Telephone: (619) 234-8467
4 Kris_Kraus@fd.org

5 Attorneys for Mr. Augustin Carranza-Duarte

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                **(HONORABLE BARRY TED MOSKOWITZ)**

11 UNITED STATES OF AMERICA,        )    Case No. 08CR2253-BTM
                                    )
12             Plaintiff,           )    Date: July 25, 2008
                                    )    Time:2:00 P.M.
13 v.                               )
                                    )    NOTICE OF OBJECTION TO
14 AUGUSTIN CARRANZA-DUARTE,        )    RELEASE OF MATERIAL WITNESS
                                    )    AND MOTION TO DETAIN SAME
15             Defendant.           )
                                    )
16

17 TO:    CAROL LAM, UNITED STATES ATTORNEY,
          CHARLOTTE KAISER, ASSISTANT UNITED STATES ATTORNEY,
18        NED LYNCH, ATTORNEY FOR THE MATERIAL WITNESSES,

19

20        PLEASE TAKE NOTICE that on July 25, 2008 at 2:00 p.m., or as soon thereafter as counsel may

21 be heard, the defendant, Mr. Carranza-Duarte, by and through his counsel, Kris J. Kraus and Federal

22 Defenders of San Diego, Inc., will ask this Court to enter an order granting the motion listed below.

23 //

24 //

25 //

26 //

27 //

28 //

1

**<u>MOTION</u>**

2       Mr. Carranza-Duarte, the defendant in this case, by and through his attorneys, Kris J. Kraus and

3  Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments to the United

4  States Constitution, Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes, case law and local rules,

5  hereby moves this Court for an order Detaining the Material Witness until Trial.

6       This motion is based upon the instant motion and notice of motion, the attached statement of facts

7  and memorandum of points and authorities, and any and all other materials that may come to this Court's

8  attention at the time of the hearing on this motion.

9                                        Respectfully submitted,

10

11  Dated: JULY 17, 2008                   /S/ KRIS J. KRAUS
                                          **KRIS J. KRAUS**
12                                        Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Carranza-Duarte
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**U S Attorney CR**
Efile.dkt.gc2@usdoj.gov

Ned Lynch
nedlynch@aol.com

Courtesy copy to:

Charlotte Kaiser
Assistant United States Attorney

Dated: July 17, 2008                    /s/  Kris J. Kraus
                                        KRIS J. KRAUS
                                        Federal Defenders
                                        225 Broadway, Suite 900
                                        San Diego, CA 92101-5030
                                        (619) 234-8467  (tel)
                                        (619) 687-2666  (fax)
                                        e-mail: kris_kraus@fd.org

1 **KRIS J. KRAUS**
California Bar No. 233699
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California  92101-5008
Telephone:  (619) 234-8467
4 Kris_Kraus@fd.org

5 Attorneys for Mr. Augustin Carranza-Duarte

6

7

8                      UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE BARRY TED MOSKWITZ)**

11 UNITED STATES OF AMERICA,            )      Criminal No. 08CR2253-BTM
                                       )
12            Plaintiff,               )      STATEMENT OF FACTS AND
                                       )      MEMORANDUM OF
13 v.                                  )      POINTS AND AUTHORITIES
                                       )      IN SUPPORT OF
14 AUGUSTIN CARRANZA-DUARTE,           )      DEFENDANT'S MOTION
                                       )
15            Defendant.               )
   _____)

16

17                                 **I.**

18                         **STATEMENT OF FACTS**

19         According to their counsel, the material witnesses in this case have been unsuccessful in posting

20 bond. Counsel for the material witnesses filed a motion requesting a video deposition and the release of the

21 material witnesses to allow for their removal to Mexico. Defense counsel on behalf of Mr. Carranza-Duarte

22 objects to the release of these material witnesses, and requests that the Court either detain the material

23 witnesses or modify their bond so that they can remain legally in the United States until the trial is over or the

24 case is resolved.

25 //

26 //

27 //

28 //

## II.

### RELEASE OF THE MATERIAL WITNESSES IN THIS CASE WOULD VIOLATE MR. CARRANZA-DUARTE'S CONSTITUTIONAL RIGHTS

Title 18 U.S.C. § 3144 provides for the arrest and detention of persons who may give testimony material to a criminal proceeding.  That statute states:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.  No material witness may be detained because of inability to comply with any condition of release <u>if the testimony of such witness can adequately be secured by deposition, and if further <u>detention is not necessary to prevent a failure of justice</u></u>.  Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144 (emphasis added).  As this Court is aware, 18 U.S.C. § 3142 governs the conditions of release or detention. Thus, where the witness is not able to meet the conditions of release set by the court, e.g., bond, and is detained, the court may order the deposition of the witness where: (1) deposition may secure the testimony of the witness; and (2) further detention is not necessary to prevent a "failure of justice." 18 U.S.C. § 3144.

In this case, although deposition may secure the witnesses' testimony, the Court must order the continued detention of the material witnesses to preserve Mr. Carranza-Duarte's constitutional rights or, in the alternative, set a bond the material witnesses can meet and which would allow them to remain in the United States legally until the case is resolved. Failure by the Court to so order will result in a "failure of justice."

When considering this issue, the Court must balance the interests of the government, the accused, and the material witnesses. Although the witnesses have a liberty interest at stake, that interest must give way to Mr. Carranza-Duarte's constitutional rights. The Court would deny Mr. Carranza-Duarte his right to confrontation of the witnesses[1] and due process of law[2] if it orders the witnesses released in this case.

The Court must keep in mind that the only reason the government has not charged the witnesses with a crime is that these illegal alien material witnesses, who committed a crime by entering the United States are

_____

1.  U.S. Const. Amend. VI.

2.  U.S. Const. Amend. V.

1  cooperating with the government and the government wants their testimony against Mr. Carranza-Duarte.

2  Needless to say, the government would not concern itself with the witnesses' liberty interest if in fact these

3  illegal alien material witnesses were not cooperating and had been charged as part of a conspiracy with Mr.

4  Carranza-Duarte. Depending on their prior immigration histories, which is unknown to defense counsel at this

5  time, these illegal alien material witnesses could also have been charged under Title 8 U.S.C. § 1325 or 8

6  U.S.C. § 1326 for their illegal entry into the United States.

7  **A.      Authorizing the Material Witnesses' Deposition Facilitates Their Unavailability for Trial in**
   **Violation of the Confrontation Clause.**

8

9  The Confrontation Clause serves a dual purpose: (1) it allows the accused to test the recollection and

10  the conscience of a witness through cross-examination; and, (2) it allows the jury to observe the process of

11  cross-examination and make an assessment of the witness' credibility. <u>See</u> <u>Maryland v. Craig</u>, 497 U.S. 836,

12  851 (1990); <u>Ohio v. Roberts</u>, 448 U.S. 56, 63-64 (1980).  In a case such as this, where the witnesses have

13  received the benefit of the government refraining from pressing criminal charges in return for the witnesses'

14  testimony against the accused, it is important that the jury see the reaction and demeanor of the witnesses

15  when confronted with questions that will bring out such facts in order for the jury to decide whether to believe

16  the witnesses' statements and how much weight to give their testimony.  The jury will not have the ability to

17  make such an assessment if all it hears or sees is a video-taped deposition because the tape may not preserve

18  subtle reactions of the witness under cross-examination that may favor the accused.

19  The material witness has not demonstrated that "further detention is not necessary to prevent a failure

20  of justice." <u>See</u> <u>Torres-Ruiz v. United States District Court</u>, 120 F.3d 933, 935 (9th Cir. 1997).  In support

21  of the pending request for a videotaped deposition, counsel for the material witness cites <u>Torres-Ruiz</u>, but does

22  not state or provide an analysis of the facts of <u>Torres-Ruiz</u> or the instant case. This is most probably, because

23  <u>Torres-Ruiz</u> is not analogous for several reasons and, accordingly does not compel this Court to grant the

24  request for deposition by the material witness.

25  Counsel for the material witness fails to point out that <u>Torres-Ruiz</u> involved the detention of two (2)

26  men from a larger group of twenty-seven (27) individuals for <u>more than sixty (60) days</u>. <u>Id.</u> The detention at

27  issue in this case has not yet reached the sixty (60) days confronted by the Court in <u>Torres-Ruiz</u>. Accordingly,

28  any purported hardship on their families, assuming any exists, is less severe than that in <u>Torres-Ruiz</u>.

1  Regardless, it is unclear how the material witness' current detention poses any hardship beyond that already

2  created by his own deliberate choice to leave his homes and family in Mexico and illegally enter into the

3  United States.

4        Additionally, the parties to <u>Torres-Ruiz</u>, including the defendant, expressed no opposition to claims

5  by the material witness of hardship. Mr. Carranza-Duarte opposes any such claim in the instant matter. As

6  stated above, it is extremely unclear how detention at this point in time presents any greater hardship upon

7  the material witnesses than that created by their own conscious choice of leaving his family to illegally enter

8  the United States. Their absence from home and separation from family would have no doubt continued had

9  they successfully made it to their ultimate destination within the United States. It is only now, after being

10 implicated and agreeing to cooperate with the government by trading testimony for not being charged that

11 these illegal alien material witnesses claim hardship. Accordingly, they should not now be able to complain

12 of any purported hardship they initially created by breaking the laws of the United States.

13       The witnesses in <u>Torres-Ruiz</u> also demonstrated that they were the <u>sole</u> support for their respective

14 families in Mexico. Here, there is only a one line assertion that two of the material witnesses are the sole

15 financial supporter of their families and nothing more. The declaration also fails to mention that this is a

16 situation that the material witnesses created by leaving their family behind to illegally enter the United States

17 and commit the crime of illegal entry.  Therefore,  <u>Torres-Ruiz</u> is inapposite to the facts of the instant case.

18       Furthermore, it is fairly certain, from their alleged actions, that these material witnesses knew it was

19 illegal for them to enter the United States and that if caught there was a strong possibility that they would be

20 caught, detained for a lengthy period of time, and prosecuted.

21       Finally, the motion submitted by counsel for the material witness appears to contain generalized,

22 boilerplate assertions unsupported by law or facts in their request for release. The motion cites limited case

23 law and other authority and fails to elicit any information that would lead anyone to believe that the material

24 witnesses' continued detention would be a hardship. Such conclusory statements, not substantiated by any

25 facts are clearly insufficient to defeat Mr. Carranza-Duarte's constitutional rights. The motion also fails to

26 explain what, if any, efforts were undertaken to seek and secure sureties for the material witness. More

27 crucially, the material witnesses assert in their motion that there is nobody within the United States capable

28 of posting his bond. This may not be accurate. It is assumed that the material witnesses, themselves, informed

1    government agents that they were going to pay someone for smuggling them illegally into the United States

2    once they reached his ultimate destination. Otherwise, the government would probably have no interest in

3    their testimony or cooperation and they would either be facing prosecuted for illegal entry or deportation

4    proceedings to Mexico. Because it is extremely doubtful that the material witness what carrying around the

5    money necessary to pay whatever fee they have told the government was agreed upon it is highly likely that

6    the material witness has family, and/or friends, in the United States with the financial wherewithal to pay the

7    smuggling fee and, therefore, can meet the minimal bond required in this case.

8          For these reasons, Torres-Ruiz does not compel this Court to order a deposition at this early stage

9    of the proceedings especially in light of the material witness' resources to secure the bonds required.

10   **B.        Because Parts of Their Testimony Could Support a Defense, Release of the Material Witnesses
         Will Violate Mr. Carranza-Duarte's Sixth Amendment Right to Compulsory Process.**

11

12         Release of the material witness before trial will violate Mr. Carranza-Duarte's Sixth Amendment

13   right to compulsory process. The Sixth Amendment states in relevant part: "In all criminal prosecutions, the

14   accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in her favor." U.S.

15   Const. amend. VI. The right to offer the testimony of witnesses, and to compel their attendance, if necessary,

16   is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well

17   as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to

18   confront the prosecution's witnesses, for the purpose of challenging their testimony, he has the right to present

19   his own witnesses to establish a defense." Washington v. Texas, 388 U.S. 14, 19 (1967).

20         Thus, the right to compulsory process offers a means by which defense witnesses are heard and

21   marks a right to have the testimony of defense witnesses entered into evidence for the jury on a footing equal

22   to the testimony of the prosecution witnesses. The Sixth Amendment contemplates a trial before a jury in

23   which the defendant has a right to confront adverse witnesses and a right to "compulsory process for obtaining

24   witnesses in his favor." U.S. Const. amend. VI.

25         Applying these principles to the facts at hand, Mr. Carranza-Duarte seeks to retain all material

26   witnesses on the grounds that certain parts of their testimony may support a defense Mr. Carranza-Duarte

27   could assert at trial. Thus, Mr. Carranza-Duarte's constitutional right to compulsory process will be violated

28   if the material witnesses are released and allowed to move outside the court's subpoena power before they

1  provides favorable testimony at trial.[3]  Indeed, the witnesses will be placing Ms. Carranza-Duarte at a

2  disadvantage that triggers the "failure of justice" under § 3144.

3       Moreover, if a video-taped deposition of the material witness is shown to the jury, the testimony will

4  not be on an "equal footing" with the prosecution's witnesses - the arresting agents.  Aside from being a

5  video-taped deposition, the material witnesses' prison uniforms take away from the credibility of their

6  testimony and is highly prejudicial to Mr. Carranza-Duarte.  In Estelle v. Williams, 425 U.S. 504-505, 96 S.

7  Ct. 1691, 1693 (1976), the Court reasoned that where a defendant is forced to wear prison clothes when

8  appearing before the jury, "the constant reminder of the accused's condition implicit in such distinctive,

9  identifiable attire may affect a juror's judgment."  Thus, the Court held that since no "essential state policy"

10  is served by compelling a defendant to dress in this manner the practice is unconstitutional.  Estelle, 424 U.S.

11  at 505.

12       Accordingly, § 3144 mandates the "further detention" of the material witness. 18 U.S.C. § 3144. If

13  the material witnesses are released, they will return to Mexico making it both financially and physically

14  impossible for them to return to the United States for a trial. In the alternative, this Court could lower the

15  material witnesses' bond so they can remain in the United States until the trial is over or the case is resolved.

16                                              **III.**

17                                         **CONCLUSION**

18       For the foregoing reasons, Mr. Carranza-Duarte respectfully requests that this Court issue an order

19  preventing the government from deporting the material witnesses or taking any other action that would

20  materially interfere with Mr. Carranza-Duarte's right to obtain the testimony of the material witnesses at trial.

21                                      Respectfully submitted,

22

23  Dated:  July 17, 2008                    /S/ KRIS J. KRAUS
                                             **KRIS J. KRAUS**
24                                           Federal Defenders of San Diego, Inc.
                                             Attorneys for Mr. Carranza-Duarte
25

26

27
    _____

28  3. This is because the government will deport the witness after their release.  Such action by the
    government will result in placing the witness beyond the subpoena power of this court.