1  NED LYNCH--CA ST. BAR NO. 149680
   Attorney At Law
2  110 West C Street, Suite 1407
   San Diego, CA 92101
3  Telephone: 619-525-0081

4  Attorney for the Material Witnesses

5

6

7

8                    **United States District Court**

9                    **Southern District of California**

10                    (Hon. Barry T. Moskowitz)

11  UNITED STATES OF AMERICA,      )    Criminal Case No. 08CR2253BTM(PCL)
                                   )
12          Plaintiff,             )    **Material Witnesses' Reply Memorandum**
                                   )    **Of Points And Authorities In Support Of**
13          v.                     )    **Their Motion For A Videotaped Deposition**
                                   )    **And Release From Custody**
14  AUGUSTIN CARRANZA-DUARTE,      )
                                   )    Date:  July 25, 2008
15          Defendant.             )    Time:  2:00 p.m.
                                   )    Judge: Barry T. Moskowitz
16  _____ )    Room: 15

17

18

19          Material witnesses Antonio Gin-Sanchez, Mario Angel-Rojas, and Cresenciano Rafael-

20  Joaquin [the "Material Witnesses"], by and through their counsel, attorney Ned Lynch, submit this

21  reply memorandum of points and authorities in support of their motion to take their videotaped

    depositions and thereafter be released from custody.
22
            Defendant Augustin Carranza-Duarte objected to the videotaped depositions of the Material
23
    Witnesses on several grounds, all of which must be rejected by the court.
24
                    **Defendant Is Misinterpreting <u>Torres-Ruiz</u>**
25
            Defendant argues under <u>Torres-Ruiz</u>[1] the Material Witnesses must prove they are enduring
26

27  _____

28      [1]  <u>Torres-Ruiz v. United States District Court (S. Dist. of Cal.)</u>, 120 F.3d 933 (9th Cir. 1997).

1   "hardship" for the court to order the depositions. But <u>Torres-Ruiz</u> does not actually require a witness

2   prove "hardship". <u>Torres-Ruiz</u> rationalized evidence of hardship justifies a finding of extreme

3   circumstances, but hardship is not required by Rule 15 for the court to grant a witness' request to be

4   deposed. Rule 15 does not contain the word "hardship".

5       Rule 15[2]. differentiates between parties requesting a deposition and a witness requesting his

6   or her own deposition. The difference makes sense. If a person detained as a material witness

7   cannot bond out of custody, he should be allowed to utilize the deposition procedures to procure an

8   immediate release from custody. Conversely, no party should be allowed to force a witness to be

9   deposed involuntarily unless exceptional circumstances exist. In this regard depositions are not

10  intended to be used for discovery purposes like in civil cases. A witness has a more compelling

11  interest in his or her liberty and the standards should be different. It should be and is easier for a

12  witness to be deposed voluntarily, rather than be forced into it by another unless exceptional

13  circumstances exist.

14      Under Rule 15 only <u>a party</u> must establish exceptional circumstances exist <u>if the party</u> wants

15  to take the deposition of a witness. A person designated as <u>a material witness is not a party</u> to the

16  case. This motion is brought by the material witnesses only, not any of the parties (i.e., the

17

18      [2]      Rule 15(a) is broken into two subparts. Subpart (a)(1) applies to parties filing a motion for deposition,
    and subpart (a)(2) applies to a material witness filing a motion for his or her deposition. Under Rule 15(a)(2) a witness
19  may bring a motion to take his or her deposition <u>without any showing of exceptional circumstances or hardship</u>. A
    simple comparison of subpart (a)(1) to (a)(2) shows two different standards exist.
20
        Rule 15. Depositions
21
        (a) When Taken.
22
    (1) In General.
23
    A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant
24  the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be
    taken, it may also require the deponent to produce at the deposition any designated material that is not privileged,
25  including any book, paper, document, record, recording, or data.

26  (2) Detained Material Witness.

27  A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving
    notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the
28  witness has signed under oath the deposition transcript.

1    prosecution or defendants).

2        Under Rule 15(a)(2) a material witness is not required to establish any showing of hardship

3    or exceptional circumstances to be deposed.  The Material Witnesses simply proffered humanitarian

4    factors in support of their motion for the court and parties to consider.  These factors are not

5    specifically used to establish hardship or exceptional circumstances.  They are offered to inform the

6    court and parties uncharged persons (and their families) endure hardships during an indefinite and

7    prolonged incarceration, and depositions should be set at the earliest possible date.

8        Defendant also argues (in a strange, ironic manner) the Material Witnesses consented to an

9    extended detention and the hardship that brings simply because they allegedly chose to enter the U.S.

10    without a valid permit from the government.  Despite the repugnancy of a defense attorney arguing

11    for the continued and extended detention of an uncharged, unconvicted person, it is patently wrong

12    for the defendant to assert the Material Witnesses and their dependent wives and minor children are

13    not suffering hardships when incarceration is prima facie evidence of hardship for every person and

14    others effected by that.

15        Therefore, the court must grant the motion for the Material Witnesses to be deposed even if

16    no exceptional circumstances or hardships exist.

17                **Defendant's Speculative Points Can Be Disregarded**

18        Defendant speculates--and that's all it is, speculation--that the deposition process would

19    violate his due process rights, rights to compulsory process, and right to confront a witness against

20    him.  Defendant contends a jury *may not* perceive subtle reactions of the witness' testimony

21    preserved on videotape, but defendant offers no specific facts to support that supposition.  This

22    contention can be disregarded as baseless speculation.  Videotaped depositions are permitted by

23    court rules and used routinely in this district.  That essentially negates the argument that subtle and

24    overt characteristics of the witnesses' demeanor are not visible by the videotape viewers.  Even if

25    "subtle" mannerisms are not detected, that doesn't mean a jury cannot determine the demeanor and

26    validity of the testimony of the witnesses.  And the defendant's opportunity for cross-examination

27    during the deposition effectively negates his compulsory process and confrontation arguments.

28

1    Defendant also speculates or implies the Material Witnesses will provide biased testimony

2   simply because they are not charged with any crime, such as illegal entry into the U.S.  The Material

3   Witnesses have not agreed to cooperate with the government as the defendant infers.  In fact, the

4   Material Witnesses have no explicit or implicit agreement with the government regarding their

5   testimony or any uncharged crimes, nor have the Material Witnesses been granted immunity in any

6   form relating to this case.  Defendant's beliefs are without merit given there are no specific facts to

7   show the witnesses will provide anything but truthful and unbiased testimony.  In fact, the witnesses

8   may even provide favorable testimony to the defendant.

9    **The Court Cannot Modify The Bond Conditions To Avoid Ordering The Deposition**

10   Defendant asserts the court should modify the bond conditions to permit the Material

11   Witnesses to be released with a lower bond amount or on their own recognizance, which would

12   obviate the need for the deposition.  This won't work.  A material witness who is a citizen of another

13   country--in this case Mexico--is released from custody through a two-step process.  The Material

14   Witnesses must first satisfy whatever release conditions are imposed by the district court.  Then the

15   Material Witnesses must overcome the release hurdles imposed by the Department of Homeland

16   Security.  In this case the U.S. Border Patrol is the applicable agency.

17   In this district the U.S. Border Patrol will not release a material witness from custody unless

18   a significant court bond (monetary pledge or secured collateral) has been posted with the district

19   court.[3]  Even if the court agrees to an O.R. release, the U.S. Border Patrol will not release the

20   Material Witnesses without a suitable bond being posted at the court.  The Border Patrol has no legal

21   authority or mechanism to set and process appearance bonds, so it relies completely on the district

22   court bond as assurance the Material Witnesses will not abscond.  Thus, changing the court bond

23   requirements in this case will not result in the release of the Material Witnesses.

24   ///

25

_____

26       [3]     In very exceptional cases the U.S. Border Patrol will deviate from this policy, such as where the
     witness has serious health, age, or family conditions that cannot be adequately addressed if the person remains in
27   custody.  Also, D.H.S. rules and immigration laws prohibit the release of detainees that have significant criminal
     histories. So even if the district court agrees to modify the bond conditions to an O.R. release, the second prong of the
28   release procedures cannot be overcome.  Thus, an O.R. release is rarely a viable alternative to ordering the deposition.

1

**Conclusion**

2        The Material Witnesses request the court grant their motion and set their videotaped

3 depositions as soon as practical so they can be released from custody immediately thereafter.

4

5 Dated: July 21, 2008                              S/Ned Lynch
                                                   Ned Lynch, Attorney for the Material Witnesses
6                                                  E-mail: nedlynch@aol.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    NED LYNCH--CA ST. BAR NO. 149680
     Attorney At Law
2    110 West C Street, Suite 1407
     San Diego, CA 92101
3    Telephone: 619-525-0081

4    Attorney for the Material Witness(es)

5                        **United States District Court**
                         **Southern District of California**
6                         (Hon. Barry T. Moskowitz)

7    UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR2253BTM(PCL)
                                        )
8           Plaintiff,                  )    **Certificate of Service by ECF**
                                        )
9              v.                       )
                                        )
10   AUGUSTIN CARRANZA-DUARTE,          )
                                        )
11          Defendant(s).               )
                                        )
12   _____  )

13   I, Ned Lynch, declare that at the time of the service of the document(s) noted below, I was at least 18 years of age and
     not a party to the lawsuit noted above.  My business address is 110 West C Street, Suite 1407, San Diego, CA 92101.
14   On July 21, 2008 I served the document(s) noted below by ECF to the person(s) at the e-mail addressed listed by the
     ECF system for the Southern District of California.
15

16                              **Document(s) Served**

17      1.      Reply points and authorities supporting the material witnesses motion for videotaped depositions

18                                  **Served On**

     Office of the U.S. Attorney        Attorney Kristin Kraus
19   (served via ECF)                   (served via ECF)

20

21   I declare under penalty of perjury under the laws of the United States that the above is true and accurate.

22   Dated: July 21, 2008                         s/Ned Lynch_____
                                                  Ned Lynch
23

24

25

26

27

28

                                          1